IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SCOTT'S QUALITY
WELDING, LLC,

    Plaintiff,                            CASE NO.: _____

vs.

WESTERN WORLD
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, WESTERN WORLD INSURANCE COMPANY (hereinafter "WWIC"), by and through its undersigned counsel, pursuant to 28 U.S.C. § 1441(a), removes an action pending in the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida, styled *Scott's Quality Welding, LLC vs Western World Insurance Company*, Case No. 2020 CA 00473 A, where Plaintiff filed suit against WWIC, and further states:

## TIMELY NOTICE OF REMOVAL

1. On August 25, 2020, Plaintiff filed a Complaint against WWIC in the Fifth Judicial Circuit in and for Citrus County, Florida. On September 4, 2020, WWIC was served with a Summons and copy of the Complaint in connection with the state action.

2. Plaintiff's Complaint asserts that WWIC breached an insurance contract issued to Plaintiff.[1] The Complaint does not state the specific amount of damages sought by Plaintiff, only that "[t]he amount in controversy in this action exceeds the sum of Thirty Thousand Dollars

---

[1] *See* **Exhibit "1"** – Plaintiff's Complaint *(Plaintiff's Complaint and all State Court Pleadings have been collectively attached hereto as Exhibit "1.")*.

($30,000.00), exclusive of pre-judgment interest, court costs, and attorney's fees."[2]

3. On November 23, 2020, Plaintiff served its answers to interrogatories served by WWIC on November 13, 2020, therein identifying the limited liability members of Plaintiff, and thereby confirming that Plaintiff is seeking damages in the amount of $158,210.92.[3]

4. Therefore, pursuant to 28 U.S.C. § 1446(b), WWIC timely files this Notice of Removal within one year of the filing of the Complaint and within thirty (30) days of WWIC's receipt through service of a pleading or other paper in which WWIC could ascertain that the case is one which is removable.

## VENUE

5. Venue is proper in the United States District Court for the Middle District of Florida because the state court action originated in Citrus County, Florida.

## JURISDICTION

6. This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, WWIC is entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

7. A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and

---

[2] *Id. at* ¶ 1.

[3] *See* **Exhibit "2"** – Defendant, WWIC's Interrogatories to Plaintiff and Plaintiff's Responses to Defendant's Interrogatories, along with Plaintiff's estimate in support of the alleged damages, collectively attached hereto.

coordinate the corporation's actions i.e. its 'nerve center' ").

8.     Here, WWIC is, and was at the time the Complaint was filed in Florida state court, a corporation organized under the laws of the State of New Hampshire, with its principal place of business in Parsippany, New Jersey.  Accordingly, WWIC is a citizen of New Hampshire and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

9.     For purposes of determining diversity of citizenship, a limited liability company has the citizenship of its members.  *Rolling Greens MPO, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).  An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam).

10.    As previously stated, on November 23, 2020, Plaintiff served its answers to interrogatories served by WWIC on November 13, 2020, therein identifying the limited liability members of Plaintiff, and thereby confirming that Plaintiff is seeking damages in the amount of $158,210.92.[4]

11.    The second numbered interrogatory requested Plaintiff to "[p]lease identify all of the current and former members of Scott's Quality Welding, LLC since the purported date of loss of April 20, 2020."[5]  Additionally, the second numbered interrogatory requested Plaintiff to "[p]lease also identify each member's current primary residential address."[6]

---

[4] *See* **Exhibit "2"** – Defendant, WWIC's Interrogatories to Plaintiff and Plaintiff's Responses to Defendant's Interrogatories, along with Plaintiff's estimate in support of the alleged damages, collectively attached hereto.

[5] *Id*. at ¶ 2.

[6] *Id*.

12. In response to the fourth numbered interrogatory served by WWIC, Plaintiff identified Jessica Schiller and Scott Schiller, Jr.[7]

13. Plaintiff's members, Jessica Schiller and Scott Schiller, Jr. have drivers' licenses issued by the state of Florida and are the registered owners of residential property located in Citrus County that carries a Florida homestead exemption.[8]

14. Accordingly, all the members of Plaintiff are Florida citizens for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

15. Plaintiff's Complaint asserts a cause of action for a breach of contract, alleging that WWIC failed to issue full payment under its insurance policy for a tornado loss occurring on April 20, 2020.[9] Plaintiff asserts that Plaintiff has suffered damages as a result of the loss, along with attorney fees and costs.[10]

16. WWIC bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209-11 (11th Cir. 2007). Again, on November 23, 2020, Plaintiff served its answers to interrogatories served by WWIC on November 13, 2020, therein identifying the limited liability members of Plaintiff, and thereby confirming that Plaintiff is seeking damages in the amount of

---

[7] *See id*.

[8] *See* **Exhibit "3"** – Citrus County Property Appraiser Homestead Records and Florida Driver's License Records of Jessica Schiller and Scott Schiller, Jr., collectively attached hereto.

[9] *See* **Exhibit "1"** – Plaintiff's Complaint at ¶ 3-9.

[10] *See id*. at page 3 ('WHEREFORE clause').

$158,210.92.[11]

17. The first numbered interrogatory served by WWIC requested Plaintiff to "[p]lease provide a specific dollar amount reflecting the damages you are seeking for the subject claim and identify all reports, estimates, proposals, contracts, written agreements, change orders, invoices, receipts, correspondence or any other documents supporting or demonstrating your claim for these damages."[12] In response to the first numbered interrogatory served by WWIC, Plaintiff refers WWIC to the Plaintiff's public adjusting estimate totaling $158,210.92, exclusive of interest, attorney fees, and costs.[13]

18. Accordingly, the amount in controversy between Plaintiff and WWIC for damages related to the insurance contract exceeds the $75,000.00 amount in controversy requirement for diversity jurisdiction. The total amount in controversy related to the purported loss is $107,399.28.[14]

## COMPLIANCE WITH 28 U.S.C. § 1446

19. Pursuant to 28 U.S.C. § 1446(d), WWIC provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and to the Fifth Judicial Circuit Citrus County Clerk of Court. Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of

---

[11] *See* **Exhibit "2"** – Defendant, WWIC's Interrogatories to Plaintiff and Plaintiff's Responses to Defendant's Interrogatories, along with Plaintiff's estimate in support of the alleged damages, collectively attached hereto.

[12] *Id.* at ¶ 1.

[13] *See* id.

[14] Here, the amount in controversy is the difference between the $158,210.92 amount Plaintiff seeks within its referenced estimate of damages, less WWIC's $46,161.64 undisputed prior payment and the applicable policy deductible in the amount of $4,650.00.

Removal.[15]

**WHEREFORE**, WWIC requests that this Court exercise jurisdiction over this matter.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Maxwell H. Stape, Esq.
**MAXWELL H. STAPE, ESQ.**
Florida Bar No.:  1007734
mstape@butler.legal
**TROY J. SEIBERT, ESQ.**
Florida Bar No.:  0084668
tseibert@butler.legal
Secondary    egonzalez@butler.legal
                   msmalls@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant,*
*Western World Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

David D. Barnhill, Esq.
Andrew P. McDonald, Esq.
McDonald & Barnhill, P.A.
12000 North Dale Mabry Highway, Suite 270
Tampa, FL  33618
eservice@mcdonaldbarnhill.com
*Attorneys for Plaintiff*

by CM/ECF on December 17, 2020.

/s/ Maxwell H. Stape, Esq.
**MAXWELL H. STAPE, ESQ.**

---

[15] *See* State Court Pleadings, collectively attached hereto as **Exhibit "1."**